**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

SHALONDA ARCOLA CAMPBELL
ADC #710039                                                                                                    PLAINTIFF

V.                                      1:09CV00016  JLH/JTR

ARKANSAS DEPARTMENT OF CORRECTION, et al.                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Discussion

On March 20, 2009, Plaintiff commenced this *pro se* § 1983 action alleging that Defendants violated her constitutional rights while she was incarcerated at the McPherson Unit of the Arkansas Department of Correction ("ADC").[1] *See* docket entries #1, #2, and #25. On August 17, 2009, the Court granted Plaintiff's Motion to Voluntarily Dismiss the case, without prejudice. *See* docket entries #46 and #47.

The next day, on August 18, 2009, Plaintiff filed a pleading, which the Court construed as a Rule 60(b) Motion to Set Aside the Judgment.[2] *See* docket entry #49. In that Motion, Plaintiff

---

[1] Specifically, Plaintiff alleged that Defendants: (1) racially discriminated against her; (2) used excessive force against her; and (3) failed to provide her with adequate medical care. *See* docket entries #1, #2, and #25.

[2] On August 25, 2009, the Honorable J. Leon Holmes, United States Chief District Judge, referred the Motion to this Court for a recommendation. *See* docket entry #50.

explains that she voluntarily dismissed her lawsuit because prison officials at the McPherson Unit were retaliating against her. *Id.* Plaintiff now wants that dismissal to be set aside because she has been transferred to the Wrightsville Women's Unit, and away from the individuals who were retaliating against her. *Id.*

Federal Rule of Civil Procedure 60(b)(1) and (6) provide, in pertinent part, that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise . . . excusable neglect . . . or any other reason that justifies relief." However, the Eighth Circuit has emphasized that setting aside a judgment, pursuant to Rule 60(b), is "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008); *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005). Additionally, when a party has voluntarily dismissed an action, "the burden is perhaps even more formidable than if it had litigated the claim and lost." *Middleton v McDonald*, 388 F.3d 614, 616 (8th Cir. 2004); *Schultz v. Commerce First Fin.*, 24 F.3d 1023, 1024 (8th Cir. 1994).

Approximately one month *before* Plaintiff voluntarily dismissed this action, the Court entered an Order denying Plaintiff's request to add retaliation claims to this lawsuit. *See* docket entry #37. In that Order, the Court explained to Plaintiff that, if she intended to pursue those retaliation claims, she would have to file a new § 1983 action, after exhausting her administrative remedies within the ADC. *Id.* The fact that Plaintiff sought to raise and assert these retaliation claims, while the claims asserted in this case were still pending against the Defendants, undermines her claim that she later decided to dismiss this case "involuntarily" because of that retaliation. After being advised that she would be required to assert those retaliation claims in a separate lawsuit, Plaintiff appears to have elected not to do so and, instead., filed a motion to voluntarily dismiss this action. The Court

concludes that the facts surrounding Plaintiff's decision to voluntarily dismiss this action, *after* she had already sought to assert a retaliation claim against Defendants, are not the kind of "extraordinary circumstance" that would justify setting aside the judgment in this case.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion to Set Aside the Judgment (docket entry #49) be DENIED.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 27th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE