**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

SHALONDA ARCOLA CAMPBELL
ADC #710039                                                                                                            PLAINTIFF

V.                                             1:09CV00016  JLH/JTR

ARKANSAS DEPARTMENT OF CORRECTION, et al.                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED  DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate

.

>   2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.
>
>   3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Shalonda Arcola Campbell, who is a prisoner in the Hawkins Unit of the Arkansas Department of Correction, has filed a Motion for Relief from Order.[1] *See* docket entry #70. Before addressing the merits of that Motion, the Court will briefly summarize the relevant, undisputed facts.

1. On March 20, 2009, Plaintiff filed a *pro se* § 1983 Complaint alleging that, while she was incarcerated in the McPherson Unit, Defendants racially discriminated against her; used excessive force; and failed to provide her with adequate medical care. *See* docket entry #1.

2. On April 8, 2009, the Court entered an Order directing Plaintiff to either pay the $350 filing fee in full, or file an Application to Proceed *In Forma Pauperis*. *See* docket entry #4. The Court mailed that Order, and all subsequently entered Orders and pleadings, directly to Plaintiff at

---

[1] On October 7, 2010, the Honorable J. Leon Holmes, United States Chief District Judge, construed Plaintiff's untitled pleading as a Motion for Relief from Order and referred the matter to this Court for a Recommended Disposition. *See* docket entry #71.

her current prison address. Importantly, all of those mailings listed Plaintiff's name and ADC number, and none of them were returned to the Court as undeliverable.

3. On June 4, 2009, the Court granted Plaintiff permission to proceed *in forma pauperis,* accessed an initial partial filing fee of $6.36, and ordered that the remaining balance of the filing fee be paid in monthly installments. *See* docket entry #27.

4. According to the Court's financial records, the Court received partial filing fee payments from Plaintiff on August 10, 2009; November 4, 2009; December 7, 2009; January 11, 2010; May 6, 2010; July 8, 2010; and September 2, 2010. As of the date of this Recommended Disposition, Plaintiff has paid $112 of the $350 filing fee.

5. On August 17, 2009, the Court granted Plaintiff's Motion to Voluntarily Dismiss and the case was dismissed, without prejudice. *See* docket entries #46 and #47.

6. On August 18, 2009, Plaintiff filed a Motion to Set Aside the Judgment in which she alleged that she voluntarily dismissed her lawsuit because prison officials at the McPherson Unit were retaliating against her. *See* docket entry #49. She requested the Court to reopen the case because she had been transferred to the Wrightsville Women's Unit, and away from the prison officials who were allegedly retaliating against her. *Id.*

7. On September 16, 2009, the Court denied Plaintiff's Motion to Set Aside the Judgment. *See* docket entry #55.

8. On January 13, 2010, the Eighth Circuit summarily affirmed the Court's denial of Plaintiff's Motion to Set Aside the Judgment. *See* docket entry #66.

9. On October 13, 2010, Plaintiff filed the pending Motion in which she alleges that

inmate Teresa Crockett forged Plaintiff's signature on "this lawsuit."[2]  *See* docket entry #70. Accordingly, she asks the Court to set aside the June 4, 2009 Order granting her permission to proceed in *forma pauperis* and return to her the $112 that has been collected toward the payment of the filing fee in this case.  *Id*.

## II.  Discussion

In pertinent part, Federal Rule of Civil Procedure 60(b) provides that a Court may relieve a party from an Order or Judgment based upon: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial"; (3) "fraud. . . , misrepresentation, or misconduct by an opposing party"; or (4) "any other reason that justifies relief."  While Plaintiff does not specify under which subsection she is entitled to relief, the Eighth Circuit has emphasized that setting aside an order or judgment, under Rule 60(b), is "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048  (8th Cir. 2008); *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005).

Additionally, Rule 60 imposes time limits upon which a litigant may seek relief from an Order or Judgment.  Specifically, Rule 60(c) provides that the motion "must be made within a *reasonable time* –  and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  (Emphasis added.)

In this case, Plaintiff did not file her Motion for Relief from the June 4, 2009 Order until October 13, 2010, approximately *sixteen months* after that Order was entered.

---

[2] Plaintiff does not specify which pleadings were allegedly forged by Crockett.  For purposes of this Recommended Disposition, the Court assume that Crockett forged all of Plaintiff's pleadings.

As previously explained, the Court mailed numerous Orders and *pleadings directly to Plaintiff*, at her prison address. It is *undisputed* that *none* of those Orders and pleadings were returned to the Court as undeliverable. Plaintiff does *not* allege that Crockett intercepted those Orders and pleadings, each of which must be presumed to have been delivered to Plaintiff.

Similarly, it is *undisputed* that, on August 10, 2009, the prison began withdrawing money from Plaintiff's prisoner trust account for payment for the filing fee in this case. Thereafter, the prison made six additional withdraws from Plaintiff's account. Yet, Plaintiff waited over one year before filing any pleadings with the Court questioning why such deductions were being made from her account.

Given these *undisputed* facts, the Court concludes that Plaintiff has failed to file her Rule 60(b) Motion "within a reasonable time," as required by Rule 60(c). These *undisputed* facts also raise serious questions concerning whether Plaintiff is being truthful in the allegations she has made against inmate Crockett. Accordingly, the Motion should be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Relief from Order (docket entry #70) be DENIED.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 29th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE